IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA ANN BIGLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 20-249-E ) |
| ANDREW M. SAUL, *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | |

ORDER

AND NOW, this 3rd day of September 2021, having considered the parties' motions for summary judgment, the Court will order summary judgment in favor of the Commissioner of Social Security ("Commissioner"). The Court will deny the Commissioner's request that costs be taxed against Plaintiff.[1] Substantial evidence supports the Commissioner's decision to deny Plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, therefore, affirmance is appropriate. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153—54 (2019); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).[2]

---

[1]  The Commissioner asks for an entry of summary judgment in its favor and further asks the Court to tax costs against Plaintiff. (Doc. No. 16, pg. 2). However, the Commissioner does not advance any argument as to why it would be appropriate to tax costs against Plaintiff. Therefore, the Court will deny the Commissioner's motion as to costs without addressing the matter further. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to raise an issue to the Court).

[2]  Plaintiff argues that the Administrative Law Judge's ("ALJ") decision—which is the Commissioner's final decision in this matter, 20 C.F.R. § 404.981—is corrupted by his failure to fully and appropriately consider the consultative examiner's ("CE") opinions. She argues that some of the CE's opinions suggested a residual functional capacity ("RFC") more restrictive than the ALJ's final determination of Plaintiff's RFC, and further argues that the ALJ erred

insofar as he neither adopted nor explicitly rejected those opinions. The Court, having reviewed the CE's opinions and the ALJ's RFC determination, discerns no harmful oversight and will affirm the decision.

ALJs employ a five-step evaluation to determine whether claimants are disabled under the Act. *Plummer*, 186 F.3d at 428 (citing 20 C.F.R. § 404.1520). A claimant who is not "engaged in substantial [gainful] activity" and "is suffering from a severe impairment," is next assessed to determine whether they suffer from any one of a number of listed impairments that are "presumed severe enough to preclude any gainful work." *Id.* If the claimant does not suffer from one of the presumptively disabling impairments or its equivalent, the ALJ next determines the extent of work ability retained by the claimant, *i.e.*, the claimant's RFC. *Id.* The ALJ uses the RFC determination in his consideration of the claimant's ability to return to past relevant work or to adjust to other available work at steps four and five, respectively. *Id.* In this sequential evaluation process, the evidentiary burden remains with the claimant until the final step where, the claimant having demonstrated that her RFC will not permit a return to past work, the burden shifts to the Commissioner to identify appropriate alternative work for someone with claimant's RFC, age, education, and work experience. *Sweeney v. Comm'r of Soc. Sec.*, 847 F. Supp. 2d 797, 801 (W.D. Pa. 2012).

Only those limitations that are credibly established are appropriate for inclusion in the RFC. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) (indicating that claimants challenge the "RFC assessment itself" when they argue that "the ALJ failed to recognize credibly established limitations during the RFC assessment" and thus failed to present those limitations to vocational experts). To determine what limitations are appropriate for inclusion in the RFC, ALJs evaluate "all of the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a)(1). This includes medical opinion evidence, and ALJs are required to consider every medical opinion in a claimant's record. 20 C.F.R. § 404.1527(c). Opinions provided by examining physicians are often afforded greater weight than opinions provided by doctors who have only had the opportunity to review a claimant's records. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). However, ALJs may afford medical opinions less than significant weight or reject medical opinion evidence so long as they neither fail to acknowledge and explain that decision nor reject evidence for the "wrong reason." *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981). Looking at the opinions and all other evidence, ALJs determine "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). Thus, ALJs—not physicians—are the final arbiters of claimants' RFC determinations. *Chandler*, 667 F.3d at 361.

The medical opinion evidence at issue in this matter is a consultative examination performed by Dr. Michael Rosenberg on April 26, 2017. (R. 524—40). At the examination, Plaintiff complained of "a history of constant back pain," "constant bilateral hand pain," a "history of gout" resulting in "right knee pain," "ulnar nerve neuropathy" with "numbness involving the fourth and fifth fingers of the left hand," hypertension, and diabetes. (R. 526). Dr. Rosenberg observed Plaintiff to be "in no acute distress" with a normal gait, normal stance, and

full squat. (R. 527). He further observed that Plaintiff did not use an assistive device and needed no help transferring to and from the exam table. (R. 527). He found a deficit in Plaintiff's ability to walk on her heels, but not on her toes (R. 527), and noted Plaintiff's "[p]ain with range of motion of lumbosacral spine" and "range of motion of right wrist" related to a recent fall. (R. 528). Plaintiff had some "[d]ecreased sensation in [her] fourth and fifth fingers of [the] left hand, as well as [the] ulnar side of the left palm," but exhibited "4+/5" strength in both upper and lower extremities. (R. 528). Her hand and finger dexterity and grip strength remained intact. (R. 528). Dr. Rosenberg listed Plaintiff's diagnoses as obesity, mild back pain, right wrist pain, sensory ulnar nerve neuropathy in the left hand, hypertension, diabetes, and right knee pain. (R. 529). He opined that Plaintiff could stand one hour continuously, walk one hour continuously, and sit four hours continuously. (R. 531). He further opined that Plaintiff could stand for a total of six hours/eight-hour workday, walk for a total of six hours/eight-hour workday, and sit all eight hours. (R. 531).

The ALJ afforded Dr. Rosenberg's opinion "partial weight." (R. 35). He found that Dr. Rosenberg's opinions as to Plaintiff's "exertional limitations" were "generally consistent with the medical evidence of record." (R. 35). He pointed to medical records from May 2017 indicating that Plaintiff's "neck," "extremities," and "muscle strength . . . were all normal." (R. 35 (citing Ex. 17F)). He expressed some skepticism of Dr. Rosenberg's opined environmental limitations because they appeared "inconsistent with the treatment notes." (R. 35). The ALJ then afforded the opinion provided by the non-examining State medical consultant, Dr. Potera, "great weight." (R. 35). Dr. Potera found Plaintiff could "[s]tand and/or walk (with normal breaks) for a total of: [a]bout 6 hours in an 8-hour workday" and "[s]it (with normal breaks) for a total of: [a]bout 6 hours in an 8-hour workday." (R. 72). Dr. Potera went on to opine that a light work RFC would be appropriate for Plaintiff. (R. 75). Based on his consideration of these opinions and other evidence in the record, the ALJ formulated Plaintiff's RFC to include a reduced range of light work. (R. 29).

Plaintiff asserts that the ALJ erred when he failed to specifically address Dr. Rosenberg's opinions that Plaintiff could only stand for one hour at a time and walk for one hour at a time. She contends that the "light work" RFC finding—which "requires a good deal of walking or standing," 20 C.F.R. § 404.1567(b)—is incompatible with those one-hour-at-a-time limitations. (Doc. No. 15, pg. 12). She argues that while the ALJ need not have adopted those limitations, he erred in omitting them from the RFC determination without acknowledging and explaining their omission. The Commissioner responds that Dr. Rosenberg's opinions are consistent with a light-work RFC determination even with the one-hour-at-a-time standing and walking limitations, so there was no need for the ALJ to refer to those limitations with specificity.

The Court finds no error in the ALJ's consideration of Dr. Rosenberg's opinions. A "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 at *6 (S.S.A. Jan. 1, 1983). Thus, when an ALJ is deciding whether a claimant is capable of light work, the pertinent inquiry is whether they can stand or walk "off and on" for "approximately 6 hours" per day. *Id.* Dr. Rosenberg found

3

---

Plaintiff could stand for a total of six hours each day and walk for a total of six hours each day. (R. 531). Therefore, the ALJ was not wrong to conclude that Dr. Rosenberg's opinion supported a finding that Plaintiff could perform a light-work RFC.

To demonstrate that the ALJ meaningfully erred by failing to address Dr. Rosenberg's one-hour-at-a-time limitations, Plaintiff would have had to persuasively argue that those limitations conflict with light work, necessitating their rejection to arrive at a light-work RFC determination. Plaintiff attempted to argue thus by pointing to Social Security Ruling 83-12, which addresses claimants who appear to be able to perform "either sedentary or light work except that [they] must alternate periods of sitting and standing." 1983 WL 31253 at *4 (S.S.A. Jan. 1, 1983). She argues that Dr. Rosenberg's one-hour-at-a-time standing and walking limitations imply the necessity of a "sit/stand option." (Doc. No. 15, pg. 12 (citing *Boone v. Barnhart*, 353 F.3d 203, 211 (3d Cir. 2003)). The Court, however, does not read Dr. Rosenberg's opinions to imply that Plaintiff required a sit/stand option. In *Boone*, the ALJ determined that "a range of light level work" was appropriate for the claimant because she could "stand, walk, and sit for six hours out of an eight-hour day," but the ALJ further found that "[a]ny employment must . . . permit her to sit and stand at will every thirty minutes." 353 F.3d at 205. Reviewing the ALJ's decision for substantial evidence, the Third Circuit concluded that because the ALJ found the claimant required "the option to sit or stand at will," SSR 83-12 would indicate that she could not "perform most sedentary or light jobs." *Boone*, 353 F.3d at 211. The present matter is distinguishable from *Boone* as the ALJ did not find a sit/stand option necessary, nor did the authors of the medical opinions in the record indicate Plaintiff required such an option.

The present matter is also distinguishable from cases Plaintiff cites like *Harden v. Comm'r of Soc. Sec.*, No. CIV.A. 13-906, 2014 WL 4792294 (W.D. Pa. Sept. 24, 2014). In that case, the ALJ afforded great weight to a State agency psychologist's opinion wherein the psychologist opined that the claimant would be limited "to performing one or two-step tasks." *Id.* at *4. Despite affording that opinion great weight, the ALJ did not address that limitation, nor was it included in the claimant's RFC. *Id.* Instead, the ALJ limited the claimant to "unskilled work involving only routine and repetitive instructions and tasks." *Id.* The reviewing Court found error in that decision because a limitation of "the complexity of tasks and instructions" was not the same as a limitation of "the routineness or repetitiveness of a job." *Id.* at *5. The Court relied on other cases, particularly *Bobbitt v. Colvin* from the United States District Court for the District of Oregon. No. 03:13-CV-01320-HZ, 2014 WL 2993738, at *8 (D. Or. July 1, 2014). The *Bobbitt* Court and other courts that had investigated the matter found that the Department of Labor's specification of the level of reasoning associated with certain jobs in the Dictionary of Occupational Titles directly referenced one to two-step tasks. Therefore, in *Harden*, the State agency psychologist's opinion that the claimant could perform "one or two-step tasks" directly affected whether particular jobs would be available to the claimant. Therefore, it was error for the ALJ to overlooked that opined limitation. That is not the case

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record

---

here, where the pertinent inquiry was whether Plaintiff could stand/walk for six hours daily and Dr. Rosenberg's opinion indicated that she possessed such abilities.

The Court further notes that in addition to light work jobs, the ALJ also found several sedentary work positions would be available to Plaintiff.  (R. 37).  Plaintiff does not argue that Dr. Rosenberg's opinion is incompatible with the sedentary work positions identified by the ALJ.  Based on the foregoing, the Court will affirm the Commissioner's final decision.